UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TIMOTHY JON MITTS,

       Plaintiff,       **MEMORANDUM AND ORDER**
                      12-CV-5538 (RRM)
  - against -

WARDEN STRADA,

       Defendant.
------------------------------------------------------------X

ROSLYNN R. MAUSKOPF, United States District Judge.

  Presently before the Court is Timothy Jon Mitts' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mitts claims that Warden Strada unlawfully denied him the opportunity to serve the final 129 days of his sentence under home confinement, and seeks an order declaring that his sentence be fully served as an equitable resolution. For the following reasons, the petition is DENIED.

## BACKGROUND

  On July 13, 2008, a jury sitting in the Western District of Kentucky convicted Mitts on eighteen counts of aiding and assisting in tax fraud. On July 6, 2009, the district court sentenced Mitts to a fifty-one month term of imprisonment, followed by one year of supervised release. (Pet. (Doc. No. 1) at 2.) Mitts entered the custody of the Bureau of Prisons (BOP) on August 18, 2009 and began serving his term of imprisonment at Hazelton Satellite Camp in West Virginia. (McFarland Decl. (Doc. No. 7-1) at ¶ 5, attached as Ex. A to Opp'n to Pet.) After transferring from Hazelton to the Federal Correctional Institution in Morgantown, West Virginia, Mitts was then transferred to the Federal Correctional Institution in Fort Dix, New Jersey on December 14, 2010. (*Id.*) He remained at Fort Dix until October 16, 2012, when Mitts was transferred to the

1

Metropolitan Detention Center (MDC) in Brooklyn, NY, where he was scheduled to serve the remainder of his sentence. (*Id*.) Mitts' scheduled release date is April 30, 2013. (*Id*. ¶ 4.)

While serving his sentence at Fort Dix, Mitts filed a successful habeas petition in the United States District Court for the District of New Jersey after being sanctioned with the loss of twenty-seven days of good-time credit. After that district court granted his petition and ordered a curative hearing, the accompanying sanctions were expunged. (Mitt. Decl. (Doc. No. 1) at ¶ 22.)

In order to fully restore the twenty-seven days good time credit, on or about August 1, 2012, prison officials at Fort Dix informed Mitts that he would be placed at a Residential Re-entry Center (RRC), or halfway-house, in December 2012. (*Id*. at ¶ 23.) But after Mitts arrived at the MDC, MDC prison officials informed Mitts that he would not be released to a halfway-house until January 15, 2013. (*Id*. at ¶ 26.)

On November 8, 2012, Mitts filed the instant petition, requesting that the Court order his release to a Residential Re-entry Center in December 2012. This Court issued an order to show cause to Strada to show why the writ should not be issued by December 3, 2012. (OTSC (Doc. No. 3).) Mitts moved for default judgment on December 6, 2012 after Strada did not timely comply with the Order to Show Cause. On December 11, 2012, Strada requested an extension of time to comply with the Order because, Strada, through no fault of his own, failed to receive notice of the Order to Show Cause until December 11, 2012. (*See* Doc. No. 6.) The Court granted Strada's request, and extended his time to show cause until December 28, 2012. (Dec. 12, 2012 Order.) Strada filed his opposition on December 21, 2012. (*See* Doc. No. 7). Mitts filed timely replies on January 1, 2013 and January 2, 2013. (*See* Doc. Nos. 8 & 9.)

On February 4, 2013, Mitts informed the Court that he was released from MDC Brooklyn on January 15, 2013 at 9:30 a.m. and was sent to the Bronx Half-Way House. At about 4 p.m.

that same day, Mitts was released to home confinement. (Pet.'s Supp. Rep. (Doc. No. 11).) Given that the Court could not render a decision in advance of Mitts' release date of January 15, 2013, Mitts now requests that it order his sentence be considered fully served as an equitable remedy.

## DISCUSSION

Mitts contends that the Bureau of Prisons unlawfully kept his release date to a half-way house at January 15, 2013, when it should have been advanced to a date in December 2012. In response, Strada argues that Mitts did not exhaust his administrative remedies and that his claim should be denied on the merits because he has no constitutional right to serve his sentence in any particular facility – whether it be a half-way house or under home confinement. The Court agrees with Strada.

But as an initial matter, now that Mitts has been released from the MDC, his petition is arguably moot. *See Geddes v. Lindsay*, No. 07-CV-5054, 2008 WL 2620129 (E.D.N.Y. July 1, 2008) ("[A] motion under section 2241 is moot if a change in the petitioner's conditions of imprisonment precludes the district court from providing any effectual relief."). Mitts has obtained the relief he originally sought: release to serve the remainder of his sentence in a half-way house or home confinement. As such, this Court could not provide any further relief that remedies the wrong of which he complains.

Nevertheless, Mitts urges that, since he has already been released to home confinement, this Court should deem his sentence to be fully served as a remedy. Were Mitts' habeas petition meritorious, such relief might be warranted. *See Levine v. Apker*, 455 F.3d 71, 77 (2d Cir. 2006) (quoting 28 U.S.C. § 2243) (suggesting that a district court has broad discretion to fashion habeas relief "'as law and justice require'"). But for the reasons set forth by Strada, such relief is

3

not warranted here because Mitts' petition is meritless.

First, Mitts failed to exhaust his administrative remedies. *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001) (applying exhaustion requirement to petitions under § 2241). Mitts attempted to resolve his issue informally with his Unit Team and Warden Strada. (*See* Mits. Decl. at ¶ 22.) Such actions do not satisfy BOP's four-step process to fully exhaust one's administrative remedies. *See* 28 C.F.R. § 542.10-542.19. The four-step process required Mitts to submit an administrative remedy request to the Brooklyn MDC after failing to resolve the issue informally. *Id*. § 542.13-14. If that request was denied, he had to appeal the decision to the Regional Director of the Bureau of Prisons. *Id*. § 542.15. If the regional director denied his request, he had to file an appeal with the Office of General Counsel in Washington, DC. *Id*. § 542.15. Mitts took none of these steps. While Mitts argues that the Court should excuse his failure to exhaust, he offers no argument or case law in support of his contention that exhaustion would have been futile. On exhaustion grounds alone, the Court finds that Mitts' petition must be dismissed.

Second, laws and regulations governing the placement of prisoners within the BOP system grant the BOP broad discretion over inmate placement, and permit the BOP to make placement decisions in light of available resources. *See* 18 U.S.C. § 3624(c)(1) (ordering BOP to, "to the extent practicable," ensure that a prisoner serve the final portion of his sentence "under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community"); *id*. § 3621(b) (permitting BOP to determine what placement is "appropriate and suitable" for the prisoner, taking into account "the resources of the facility contemplated"); *id*. § 3624(c)(4) (providing that "nothing in this subsection shall be construed to limit or restrict the authority of the Direct of the Bureau of Prisons under section

4

3621"). According to Strada, Mitts was not released to a halfway house before January 15, 2013 because no bed space was available before that date. (Rivers Decl. (Doc. No. 7-2) at ¶ 5.) Strada and officials at the MDC took into account the availability of resources, *see* 18 U.S.C. § 3621(b), and found that no resource could accommodate Mitts before January 15, 2013.

Moreover, Mitts has no constitutional right "to serve a sentence in any particular institution or to be transferred (or not transferred) from one facility to another." *Bennett v. Terrell*, No. 10-CV-1029, 2010 WL 1170134, at *1 (E.D.N.Y. Mar. 24, 2010); *see also Hudson v. Lindsay*, No. 08-CV-4658, 2008 WL 4998395, at *1 (E.D.N.Y. Nov. 19, 2010) (describing BOP's authority to place prisoners within the BOP system as "virtually unfettered"). There being no constitutional basis for Mitts claim, the Court must deny his petition.

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED and DISMISSED with prejudice. A certificate of appealability shall not issue as petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment accordingly, mail to the petitioner the judgment together with a copy of this Memorandum and Order, and close this case.

SO ORDERED.

Dated: Brooklyn, New York
      February 28, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge